United States District Court
Southern District of Texas
**ENTERED**
October 05, 2021
Nathan Ochsner, Clerk

| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

Angel Palomo, §
§
    Petitioner, §
§
v. §
§   Civil Action H-21-3015
Bobby Lumpkin, §
Director, Texas Department of §
Criminal Justice, Correctional §
Institutions Division, §
    Respondent. §

# Report and Recommendation

Angel Palomo, an inmate in the custody of TDCJ, filed what he labels as a federal petition for a writ of habeas corpus under 28 U.S.C. § 2241. (D.E. 1) Palomo also moves for appointment of counsel to help prosecute this action. (D.E. 2)

    I.    Background

Palomo seeks relief under 28 U.S.C. § 2241 from a conviction for aggravated robbery in Dallas County Case No. F-1263250, which resulted in a 15-year prison sentence in 2013. (D.E. 1 at 1) Public records show that the charges relating to this case number were dismissed. Palomo *may* be referring to his conviction in Case No. F-1263251, in which he was sentenced to 15 years' imprisonment on another count of aggravated robbery. Public records also show that three other convictions were entered against Palomo in Dallas County in 2013: (1) Case No. F-1263321, murder while committing a felony with a weapon; (2) Case No. F-1263251, aggravated robbery with a deadly weapon; and (3) Case No. F-1263502, aggravated assault with a deadly weapon. Petitioner pleaded guilty to each charge.

    Public records show that Palomo filed a notice of appeal only from

his murder conviction in Case No. F-1263321. The court of appeals affirmed the judgment after considering an *Anders* brief from Palomo's attorney, who concluded that there were no arguable grounds for an appeal. *Palomo v. State*, Case No. 05-13-01222-CR, 2015 WL 228206 (Tex. App. – Dallas, Jan. 16, 2015, no pet.). Palomo did not appeal further and he did not file a state application for a writ of habeas corpus to collaterally attack any of the convictions entered against him.

In his petition, which is dated September 1, 2021, Palomo raises three grounds for relief that are not clearly articulated. To the extent that they can be understood, Palomo appears to say that his guilty plea was invalid because the Texas "plea statute" is unconstitutional. (D.E. 1 at 5) Palomo also says that he was denied "access [to courts to] do [his] own legal work[.]" *Id.* at 7. Finally, Palomo says that his conviction violates the prohibition against double jeopardy. *Id.* at 8. To the extent that Palomo challenges a conviction entered against him in 2013, his petition appears barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1). Moreover, Palomo acknowledges that he has not raised his claims previously, asserting that exhaustion of state court remedies is not required for a petition filed under 28 U.S.C. § 2241. *Id.* at 2-4, 6, 13-14. For reasons discussed briefly below, Palomo is mistaken.

II.   Discussion

Although Palomo invokes 28 U.S.C. § 2241, which authorizes habeas relief from "custody" that violates the constitution, a prisoner's challenge to a state court judgment of conviction is governed by the specific habeas corpus statute found at 28 U.S.C. § 2254, and the limited standard of review enacted by the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Topletz v. Skinner*, 7 F.4th 284, 293 (5th Cir. 2021) (citing *Williams v. Taylor*, 529 U.S. 362, 376-77 (2000)); *see also Felker v. Turpin*, 518 U.S. 651, 662 (1996) ("Authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'").

A state prisoner is required to exhaust state court remedies before he can seek federal habeas corpus review. Specifically, "[a]n application for a

2

writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, the petitioner must first present his claims in a procedurally proper manner to the highest state court so that it is given a fair opportunity to consider and pass upon challenges to a conviction. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). Exceptions to the exhaustion requirement exist only where there is an absence of an available state corrective process or where circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

In Texas, a criminal defendant may exhaust state remedies by direct appeal or post-conviction collateral proceedings pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."). It is apparent from the petition that Palomo has not presented his proposed claims for review by the Texas Court of Criminal Appeals, either by way of a direct appeal or state habeas proceeding under Article 11.07. He has not satisfied the exhaustion requirement found in § 2254(b) or shown that an exception applies.

A state prisoner may not pursue relief under 28 U.S.C. § 2241 to circumvent the procedural hurdles found in 28 U.S.C. § 2254. Even if Palomo were eligible to seek relief under § 2241, he would still be required to exhaust state court remedies before pursuing federal review. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (explaining that an exhaustion requirement for petitions filed under § 2241 has been "judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process") (citing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490-91 (1973)). Because Palomo has not exhausted state court remedies with respect to his proposed claims, this federal habeas corpus

3

proceeding should be dismissed without prejudice.

### III. Conclusion and Recommendation

For the reasons stated above, the court recommends that Palomo's habeas corpus petition be dismissed without prejudice for failure to exhaust state court remedies. Because the § 2254 petition should be dismissed, Palomo's motion to appoint counsel is denied as moot. The court further recommends that a certificate of appealability not issue.

The petitioner has fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed October 5, 2021, at Houston, Texas.

_____
Peter Bray
United States Magistrate Judge